IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                              Case No. 88-10094-01 JTM

JOHNNY ADAM PEREZ,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant Johnny Adam Perez was sentenced to life imprisonment in October 1989. Recently, defendant filed a petition seeking to vacate his sentence and for resentencing. Presently before the court is defendant's Petition for Relief (Dkt. 154). For the reasons stated below, defendant's petition is denied.

**I.     Background**

On November 15, 1988, defendant was indicted for conspiracy to distribute cocaine, possession and distribution of cocaine, and possession of a firearm during a felony drug tracking offense. A jury convicted defendant on all three counts. The Honorable Patrick J. Kelly, on October 27, 1989, sentenced defendant to life imprisonment on Counts One and Two and a consecutive term of five years imprisonment on Count Three based on the mandatory sentencing guidelines of a career offender. Defendant did not appeal his sentence. Defendant was indicted on drug charges in the Southern District of Texas and the Middle District of Pennsylvania that same year.

Twenty-nine years after sentencing, defendant filed the current petition seeking to vacate his sentence and for resentencing based on *United States v. Holloway*, 68 F. Supp. 3d, 310 (E.D.N.Y. 2014).

## II.   *Holloway* Doctrine

In support of his petition, defendant asserts that the court imposed an unwarranted sentence. Defendant asks that the court vacate his sentence and resentence him based upon the *Holloway* Doctrine, in which the court vacated Holloway's conviction on two of the three § 924(c) convictions after more than twenty years. *Id.* at 315. Holloway was then resentenced to lesser terms of imprisonment. *Id.* at 315–16.

Holloway had filed a motion to reopen his § 2255 proceeding under Fed. R. Civ. P. 60(b). *Id.* at 314. The United States Attorney objected.  The district court realized there was no legal basis for vacating Holloway's sentence, but believed the sentence was excessive. *Id.*  The court asked the United States Attorney to reconsider his initial objection and to agree to an order vacating two or more of Holloway's convictions so he could be resentenced to shorter terms of imprisonment. *Id.* The United States Attorney did so and agreed to a reduced sentence given the unique circumstances of the case and Holloway's record while in prison. *Id.* at 315.

 Holloway was convicted on three separate charges for crimes of violence under 18 U.S.C. § 924(c). *Id.* at 312. The mandatory sentences required by § 924(c) were to be served consecutive to one another and to all other sentences. *Id.* As a result, Holloway received a harsh and excessive sentence. *Id.* Holloway's record while incarcerated was outstanding, consisting of a few minor infractions and having taken advantage of

educational programs provided. *Id.* at 315. Additionally, the victims in Holloway's case were contacted. *Id.* Each of them believed that Holloway deserved another chance and affirmatively supported an earlier release. *Id.*

Courts presented with *Holloway* claims have reached differing results. In *Vann v. United States*, the court declined to grant relief due to lack of jurisdiction. No. 02-CR-85-JHP, 2017 U.S. Dist. LEXIS 149115, at *9 (E.D. Okla. Sep. 14, 2017). By contrast, in *United States v. Rivera*, the court granted the immediate release of the defendant. *See United States v. Rivera*, Case Nos. 83-CR-96-01-FHS and 83-CR-138-FHS-02 (E.D. Okla. 2015) (available online as Ex. A to *Acuna v. United States*, No. 07-00615 SOM, 2016 WL 3747531, at *11-13 (D. Haw. July 8, 2016)). The defendant in *Rivera* was convicted of conspiracy and various drug distribution counts and received a term of life imprisonment due to the mandatory guidelines. *Id.* However, Rivera's sentence was proven disproportionately severe and the government did not object to his immediate release. *Id.* A requirement for the application of the *Holloway* doctrine is that the government agrees to a reduced sentence. *Gatica-Rodriguez v. United States*, No. 09-CR-060-JHP, 2017 U.S. Dist. LEXIS 71230, at *9 (E.D. Okla. May 10, 2017).

As noted above, defendant's record during incarceration has been exemplary, having received only two disciplinary actions, and defendant has completed various educational and rehabilitation programs. The court commends defendant on these accomplishments, but these alone do not provide a jurisdictional basis for the requested relief as the government here does not agree to a reduced sentence.

### III. Relief Under 18 U.S.C § 3582 and 28 U.S.C. § 2255

The *Holloway* doctrine does not provide the required basis for vacating defendant's sentence. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). A district court may change a previously imposed sentence only pursuant to statutory authorization. *Id.*

18 U.S.C. § 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three situations: 1) upon motion of the Director of the Bureau of Prisons, 2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or 3) if the sentencing range has subsequently been lowered by the Sentencing Commission. Defendant acknowledges that his case does not meet any of these criteria. Thus, 18 U.S.C. § 3582 does not provide a basis for vacating the sentence or resentencing defendant.

The court next examines defendant's petition as an attack on his conviction under 28 U.S.C. § 2255. The limitations period for a motion under this section is one year from the latest of: 1) the date the judgment of conviction became final, 2) the date on which the impediment to making a motion created by the government in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a motion by such governmental action, 3) the date on which the right was recognized by the Supreme Court, or 4) the date on which the facts supporting the claims could have been discovered. The limitations period has expired in situations one and two, and situations three and four are not applicable. Therefore, the court lacks jurisdiction to grant defendant relief.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** this 5th day of July, 2018, that defendant's Petition for Relief (Dkt. 154) is dismissed and his request for a certificate of appealability is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE