IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 88-10094-01 JTM

JOHNNY ADAM PEREZ,

        Defendant.

**MEMORANDUM AND ORDER**

On July 5, 2018, this Court issued a Memorandum and Order (Dkt. 161) denying Defendant Johnny Adam Perez's Petition for Relief (Dkt. 154). Defendant sought an order vacating his sentence and setting the matter for resentencing, relying on *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014). In *Holloway*, the United States District Court for the Eastern District of New York, with the consent of the government, first vacated two of a defendant's convictions, then imposed a shorter sentence based upon a defendant's exemplary conduct while in prison and what the court believed to be an unjust sentence.

In its Memorandum and Order, this Court indicated that the government's agreement to a reduced sentence is a threshold requirement for application of the *Holloway* doctrine. *See Vann v. United States*, 2017 WL 4071139 at *4 (E.D. Okla. September 14, 2017). Because the government did not agree with Perez's Petition for Relief, and because Defendant failed to set forth any other statutory basis upon which the Court could vacate the sentence, the Court dismissed Defendant's Petition for Relief and denied

his request for a certificate of appealability. (Dkt. 161, at 4-5). Defendant has now filed a Motion for Reconsideration (Dkt. 162), asking the Court to require that the United States supplement or correct its response to the original Petition for Relief. (Dkt. 162, at 4).

Motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Instead, the appropriate bases for a motion to reconsider include (1) intervening changes in controlling law; (2) previously unavailable evidence, or (3) the correction of clear error or manifest injustice. *Id.* None of these elements are satisfied by Defendant's Motion for Reconsideration. Defendant has not identified any intervening changes in controlling law that would affect his sentence. Defendant has not identified any previously unavailable evidence that might affect the Court's decision – to the contrary, all the facts Defendant argues were available to him at the time of his first Petition for Relief.

Finally, although Defendant alleges that his sentence is unjust, it is well-settled law that a District Court cannot modify or vacate a previously imposed sentence absent specific statutory authority. *See U.S. v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under 18 U.S.C. Section 3582(c), only three circumstances warrant modification of a sentence: (1) a motion filed by the Director of Prisons, (2) express permission by statute or by Rule 53 of the Federal Rules of Criminal Procedure, or (3) if the sentencing range was substantially lowered after the Defendant's sentencing. *Id.* at 540-41. Defendant admits that none of these criteria apply to his case. Under 28 U.S.C. Section 2255(a), a prisoner is allowed to

2

collaterally attack a sentence subject to a one-year period of limitation. Defendant acknowledges that period of limitation has long since expired.

Defendant admits that he seeks relief under the *Holloway* doctrine because of the lack of other available options to attack his sentence. But the *Holloway* doctrine, in and of itself, does not provide the requisite statutory basis to vacate a sentence. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *see also Vann v. United States*, 2017 WL 4071139 at *4. The Eastern District of New York's ability to rule in Holloway's favor in that matter was based upon the United States Attorney's decision to withdraw its opposition to a pending Rule 60(b) motion to reopen proceedings, and to stand unopposed to the granting of the defendant's underlying 28 U.S.C. Section 2255 motion to vacate two of Holloway's convictions. *See U.S. v. Holloway*, 68 F.Supp.3d at 315. Consequently, "'the one consistent theme for the Courts that have addressed the *Holloway* decision is that unless the government acquiesces to the reduction [in sentence], there is no jurisdiction for the district court to reduce the Petitioner's sentence.'" *United States v. Burton*, 2018 WL 1637955 at *2 (E.D. Cal. April 5, 2018) (quoting *Whitt v. United States*, 2017 WL 5257709 at *3 (N.D. Ind. Nov. 13, 2017); *see also Acuna v. United States*, 2016 WL 3747531 at *3 (D. Hawaii July 8, 2016) ("Holloway is contingent on the government's acquiescence"); *United States v. Smith*, 2017 WL 2889307 at *2 (M.D. Fla. July 7, 2017) ("Holloway would not have been eligible for relief without the government's agreement, and the government has not agreed to any such reduction in this case.").

Defendant seems to acknowledge this fact, while attempting to address the United States' disagreement with a plea to the Court to force the United States to reconsider.

Defendant argues that the United States' response to his Petition was "cursory" and "demonstrated that it had not properly considered the circumstances sufficiently to support its due exercise [of its discretion]." (Dkt. 162, at 3). Aside from his assertions that the United States recommendation would have been different if it had adequately considered the facts, however, Defendant has not presented the Court with any evidence showing the United States failed to give proper attention to the issues raised in his Petition for Relief.

The Court declines to find the United States' disagreement with Defendant's position to be evidence that it did not make a careful examination of the record of the case when it considered Defendant's Petition. The United States' response indicates it considered Defendant's position before declining to withdraw its objections.

The Court recognizes and commends Defendant on his achievements and exemplary disciplinary record while in Bureau of Prisons custody. But, the Defendant's accomplishments alone do not resolve the question presented to the Court. *See Gatica-Rodriguez v. United States*, 2017 WL 194411 at *4 (E.D. Okla. May 10, 2017) (citing *United States v. Garcia-Emmanuel,* 112 Fed.Appx. 713, 715 (10th Cir. 2004) ("post-sentence rehabilitation is not a factor considered under § 3582(c)(2) for the purpose of modifying a sentence, and therefore, the district court clearly lacked authority to reduce his sentence on that basis.")). Without the United States' agreement to a modification of sentence, the Court is without jurisdiction to grant the requested relief.

The Court finds that no grounds have been presented in Defendant's motion to warrant reconsideration of the Court's prior ruling. Defendant's Motion for Reconsideration is thereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of September, 2018.

     s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT