# UNITED STATES DISTRICT COURT

## District of Kansas
### (Wichita Docket)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                  CASE NO. <u>88-10094-01-JTM</u>

JOHNNY ADAM PEREZ,

      Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION
### (Docs. 164 and 169)

APPEAR NOW the United States of America, by and through Jared S. Maag, Assistant United States Attorney, and submit the following in response to the defendant's motion for sentence reduction.   (Doc. 164, Def. Mot. for Sent. Reduction at 1-12; Doc. 169; Def. Amend. Mot. for Sent. Reduction at 1-19.)

<u>PROCEDURAL HISTORY</u>

On November 15, 1988, the defendant was indicted by a grand jury sitting in Wichita, Kansas with conspiracy to distribute cocaine, possession and

1

distribution of cocaine, and possession of a firearm during a felony drug trafficking offense.   (Doc. 16, Indt.; Doc. 161, Mem. and Order at 1.)   The defendant moved to trial and was ultimately convicted on all three counts. (Doc. 161, Mem. and Order at 1.)   The defendant was thereafter sentenced to a controlling term of life imprisonment.   (*Id*.); *United States v. Perez*, 955 F.2d 34 (10th Cir. 1992).   The defendant did not appeal his sentence.   (Doc. 161, Mem. and Order at 1.)

On July 5, 2018, this Court issued a Memorandum and Order denying the defendant relief on grounds that his claim did not satisfy the requirements for resentencing in accordance with *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014) (Doc. 154.)   A motion for reconsideration was thereafter denied on September 4, 2018.   *United States v. Perez*, 2018 WL 4207147, at *1-2 (D.Kan. Sept. 4, 2018) (unpub.)   The defendant did not appeal that decision.

On September 16, 2019, the defendant filed a *pro se* motion for a reduction of his sentence under the First Step Act.   (Doc. 164, Def. Mot. to Reduce Sent. at 1-12.)

On October 30, 2019, the defendant, through representation by the Office of the Federal Public Defender, filed an amended motion to reduce sentence under the First Step Act.   (Doc. 169, Def. Amend. Mot. to Reduce Sent. at 1-

2

19.)

On November 6, 2019, the government moved to stay these proceedings in lieu of the defendant's request for clemency through the United States Pardon Attorney to the President of the United States.   (Doc. 170, Gov't Mtn. to Stay at 1-5.)

The government's response to the defendant's motions is due on this date.

## I.   SUMMARY OF THE ARGUMENT

The defendant moves this Court for an Order reducing his life sentence to a controlling sentence of time-served for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1).   (Doc. 169, Def. Amend. Mot. to Reduce Sent. at 1.)   The government continues to maintain that a stay of these proceedings is necessary as the defendant moves on a dual-track with the Executive Branch seeking clemency.   And, because the government has concurred with the defendant's request for clemency relief, it is constrained to agree that there are sufficient reasons for his release from the Bureau of Prisons.   However, to that same end, the government takes no legal position here on the defendant's request beyond what is submitted below.

## II.   ARGUMENT

Again, the defendant moves under § 3582(c)(1) for relief.   That provision

reads as follows:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.][1]

---

[1] As noted by Judge Lungstrum,

The First Step Act went into effect on December 21, 21018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. "Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release, and that very rarely happened." *United States v. Gutierrez*, 2019 WL 2422601, at *1

The defendant maintains that he has now fully exhausted his administrative remedies with the Bureau of Prisons given the Warden's failure to bring a motion on his [the defendant's] behalf within 30 days of the receipt of his [the defendant's] final request for relief, namely, July 10, 2019.   (Doc. 169, Def. Amend. Mot. to Reduce Sent. at 8, n.30.)   While it appears that the defendant did not receive a response from the Warden by August 9, 2019, the defendant has provided this Court with the Warden's denial which was delivered by letter on October 18, 2019.   In short, the letter provided the defendant failed to demonstrate that his request met the minimum eligibility criteria for compassionate release, in part, because the defendant failed to provide sufficient documentation to adequately evaluate his case.   *See* Attach. A, Letter of 10.18.19.   The defendant submits that this late response by the Warden is insufficient to take the present motion out of the hands of this Court,

---

(D. N.M. June 10, 2019) (citation omitted).

"Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of 'increasing the use and transparency of compassionate release.' " *Id.* That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility....' " *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

*Bradin v. Thomas*, 2019 WL 3066424, at *10 (D.Kan. July 12, 2019) (unpub.)

and that this Court is bestowed with the responsibility to make a final determination as to whether a reduced sentence is warranted for extraordinary and compelling reasons.   (*Id.*)

Whether there are extraordinary and compelling reasons to justify the defendant's immediate release requires this Court to now essentially assume the role of the Warden in reaching a decision.   *See, e.g., United States v. Brown*, --- F.Supp.3d ---, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019) ("Therefore, if the FSA is to increase the use of compassionate release, the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it. Unqualified 'deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.' Thus, the Director's prior 'interpretation of 'extraordinary and compelling' reasons is informative,' but not dispositive.") (internal citations omitted).

Notably, whether extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13 remains an issue in the wake of the First Step Act.   Indeed, district courts have recognized that there is no updated policy statement by the Sentencing Commission relevant to compassionate release motions filed under the First Step Act.   *See, e.g., United States v. Beck*, No. 1:13-CR-186-6, 2019 WL

2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Burbidge*, No. 1:15-cr-172, 2019 WL 4863481, at *2 (D.N.D. Oct. 2, 2019) (unpub.) ("Unfortunately, the First Step Act does not define 'extraordinary and compelling reasons.' The Sentencing Commission policy statement can be found at Section 1B1.13 for the 2018 Sentencing Guidelines Manual.   However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability."); *however, see, United States v. Rodd*, No. 13-230 ADM/JSM, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019) (unpub.) (adhering to Sentencing Guidelines Policy Statements); *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) (unpub.) (following policy statement on grounds a [district court] "must follow the policy statement as it stands."). The government takes no position on where the tension should break on this particular issue, suffice it to say it agrees with the defendant that the majority of district courts appear to operate as if the First Step Act releases a reviewing court from the obligation to strictly follow § 1B1.13 of the Guidelines.   (Doc. 169, Def. Amend. Mot. to Reduce Sent. at 10-11, n.35.)

III.   <u>CONCLUSION</u>

The government does not generally take a neutral position on these types of matters.   Yet, reluctantly, it feels compelled to stand on the fence given the

defendant's decision to dual-track his request for immediate release. The government does so in order to avoid committing itself to various legal issues that remain unresolved under the First Step Act, and because the instant appeal does not present as a proper vehicle to address those issues given the government's decision to concur with the defendant's clemency request. Thus, for better or worse, the government hands the matter to the Court without its recommendation.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney
District of Kansas

By:    /s/   *Jared S. Maag*

JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Ph: 785.295.2850 (Office)
Fax: 785.295.2853
jared.maag@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2019, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to those attorneys who have entered their appearance in the matter; and, that a true and correct copy of the same was delivered, first class, postage prepaid, via the USPS to:

Johnny Adam Perez
Reg. No. 05040-031
FCI Seagoville
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 9000
SEAGOVILLE, TX   75159

By:   /s/   *Jared S. Maag*

JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney