UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
  Plaintiff,

v.            Case No. 88-10094-01-JTM

JOHNNY ADAM PEREZ,
  Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the United States' Motion to Stay Defendants' Pending Motions for Relief Under the First Step Act (Dkt. 170). The United States asks the court to stay proceedings on two motions filed by defendant, a pro se Motion to Reduce Sentence under the First Step Act (Dkt. 164) and an Amended Motion to Reduce Sentence (Dkt. 169) filed with the assistance of counsel. According to the government, a stay of decision on the defendant's First Step Act motion is warranted because defendant has filed a concurrent clemency petition with the Office of the Pardon Attorney which, if granted, would render his First Step Act motion moot.

The court finds that the mere potential for Mr. Perez's motions to become moot is insufficient to justify a stay of the proceedings. It is correct that if Mr. Perez's clemency petition were granted, the issues raised in his First Step Act motion would lose their justiciable character. But, the government has offered no indication of the likelihood that Mr. Perez's clemency petition would be granted or the potential timeframe for the clemency process. The only information before the court with respect to those questions is provided by Mr. Perez, who notes based upon statistics from the Office of the Pardon

Attorney that there is a 63 percent chance his petition will be dismissed without presidential action, compared to a 0.01 to 0.09 percent chance that it will be granted. Based upon those statistics alone, the court finds little support for the government's argument that the likelihood the defendant's motions will become moot justifies a complete stay of the matter.

Further, the court finds that the balance of harms favors denial of the government's motion. Mr. Perez is 72 years old and has been in prison for over 31 years. While the effect of any stay on the resolution of his First Step Act motions will be negligible for the government, any delay in the proceedings is arguably significant to Mr. Perez. Mr. Perez is entitled to seek relief under the First Step Act, and the government has not identified any compelling reason why defendant should be prevented from doing so in a timely fashion. The United States' motion to stay the proceedings (Dkt. 170) is therefore DENIED.

IT IS SO ORDERED.

Dated this 20th day of November, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT