IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                Case No. 88-10094-1-JTM

JOHNNY ADAM PEREZ,
          Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant Johnny Adam Perez's Motion to Reduce Sentence Under the First Step Act of 2018 and amendment thereto. (Dkt. 164, 169). Perez was convicted by a jury on May 16, 1989 of three counts: (1) conspiracy to possess with intent to distribute 5.018 kilograms of cocaine, (2) possession with intent to distribute 5.018 kilograms of cocaine, and (3) unlawful use of a firearm during a drug trafficking offense. At the time of sentencing Perez had two prior federal drug convictions, which rendered him a career offender under the then-mandatory Sentencing Guidelines. His Presentence Investigation Report categorized him as a level 37 career offender, with a criminal history category of VI; those parameters produced a sentencing range of 360 months to life on counts 1 and 2. Perez was sentenced on October 27, 1989 to two concurrent terms of life in prison on counts 1 and 2, and a term of five years on count 3 to run consecutive to the two life sentences. Perez has since served more than 30 years in prison, during which time he has had only two disciplinary infractions with the Bureau of Prisons in 2006 and 2009.

Perez seeks a reduction of sentence from life imprisonment on counts 1 and 2 and five years on count 3 to a term of time-served on all three counts, pursuant to the First Step Act's compassionate release provisions. Perez asserts that his case presents an "extraordinary and compelling" basis for sentence reduction in light of the fact that the time he has served has been sufficient, but not greater than necessary to achieve the statutory sentencing factors listed in 18 U.S.C. § 3553(a), particularly considering the fact that under today's non-mandatory sentencing guidelines the court would have had more discretion to consider a variance from the advisory guideline range. Perez further contends that his conduct while in prison as well as his advanced age constitute compelling reasons to grant his compassionate release motion.

In response, the United States contends that any decision on Perez's motion must be stayed in light of Perez's pending application for clemency with the Executive Branch. Because the United States concurred with Perez's application for clemency relief, it submits "it is constrained to agree that there are sufficient reasons for his release from the Bureau of Prisons." (Dkt. 173, p. 3). This court has previously considered and rejected the United States' arguments concerning a stay of this matter in light of the pending application for clemency. (*See* Dkt. 174). The court will not intervene in the pending clemency process, but sees no reason that this matter is not properly before the court for consideration at this time.

Perez has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1), which provides generally that a court cannot modify a sentence once imposed except if, upon a motion and after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), it

finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Under the prior version of the law, a motion for sentence reduction must have been filed by the Director of the Bureau of Prisons (BOP). In December 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1) to authorize defendants to file their own motions for compassionate release after either having fully exhausted all administrative remedies to appeal a failure of the BOP to bring a motion or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. *See* Pub. Law 115-391, 132 Stat. 5914 § 603(b).

Perez has presented evidence that he meets the preliminary requirement to bring a motion pursuant to 18 U.S.C. § 3582(c)(1), and the United States does not contest Perez's entitlement to bring the motion on his own behalf. Perez's first request to the Warden of his facility to file a motion was made on March 20, 2019 and was denied on April 5, 2019. Perez appealed the denial three times thereafter, with the third appeal being denied on October 18, 2019. (*See* Dkt. 164-1). Because Perez meets the preliminary requirement to bring a motion for sentence reduction, the court moves to the consideration of whether Perez has demonstrated the "extraordinary and compelling reasons" warranting the reduction as required by the statute, and whether the requested reduction would be consistent with the applicable policy statements issued by the Sentencing Commission.

The United States agrees that Perez has shown sufficient grounds for his immediate release. The United States does not contest Perez's statements concerning his efforts at rehabilitation while in prison, nor does it argue that he would pose a risk to

public safety if he was immediately released. Instead, the United States contends only that it is undecided whether this court has the authority to determine if extraordinary and compelling reasons justify early release in this case in light of the First Step Act's amendment of § 3582(c)(1).

As both Perez and the United States agree, the applicable policy statement is found in § 1B1.13 of the Sentencing Guidelines, and it has not been amended since the passage of the First Step Act. § 1B1.13 states

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that –
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

In an apparent contrast to the First Step Act's amendment of § 3582(c)(1), Application Note 4 of §1B1.13 states "[a] reduction under this policy statement may be granted *only* upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. §3582(c)(1)(A)." (emphasis added).

Further, Application Note 1 of § 1B1.13(1), which establishes certain criteria for evaluating extraordinary and compelling circumstances,[1] provides the catchall provision "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." The policy statement, therefore, appears to make a court's decision on whether to grant compassionate release dependent upon a determination by the BOP that a defendant is deserving of relief.

Since the passage of the First Step Act, however, a majority of federal district courts have found that "the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Brown*, No. 4:05-CR-00227-1, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019). *See also* Dkt. 169 n. 35 (collecting cases); *United States v. Urkevich*, 8:03-CR-00037 at 5-6 (D. Neb. November 14, 2019) (collecting cases). The United States agrees that this is the majority view. (Dkt. 173, p. 7). As a majority of district courts have concluded, this court concludes that it has the authority to exercise the same discretion as the BOP when weighing a request for compassionate relief.

The court in its discretion finds that Perez has presented extraordinary and compelling reasons to warrant a sentence reduction, particularly in light of the United

---

[1] Application Note 1 to §1B1.13 provides that if an individual is not a danger to the safety of another person or the community, a defendant's mental or physical condition, age, or family circumstances can constitute extraordinary and compelling reasons for a sentence reduction.

States' concession that there are sufficient reasons supporting Perez's request for immediate release. Perez has served more than 30 years in prison on his convictions, and during that time has had only two minor infractions with the BOP. He gained his GED while in prison and has availed himself of various educational programs. While Perez correctly notes that his rehabilitation alone is not a sufficient reason for release, his conduct while in prison combined with the other facts and circumstances of his case shows that he poses no risk to public safety upon release. The court also determines that a sentence reduction on counts 1, 2, and 3 to time served is consistent with all of the factors set forth in 18 U.S.C. § 3553(a), particularly § 3553(a)(2) ("the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training…..") and § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

The court further finds that compassionate release in this instance is consistent with the applicable policy statements issued by the Sentencing Commission. In addition to the grounds set forth specifically in § 1B1.13 and its Application Notes, subdivision (1)(D) of the policy statement gives the BOP authority to determine "other reasons" why a compassionate release motion could be granted. BOP Program Statement 5050.50(4)(a) on Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), released on January 17, 2019, provides that inmates may be eligible for a reduction in sentence if they are over

70, have served more than 30 years of their term of imprisonment, and were sentenced after November 1, 1987. Perez meets those criteria, therefore compassionate release in his case is consistent with the majority interpretation of the current policy statement and current BOP guidelines.

Perez's Motion for Sentence Reduction (Dkts. 164, 169) is therefore GRANTED. Perez's sentence is hereby reduced to a sentence of time served on counts 1, 2, and 3. In light of the release plan set forth in Perez's motion, no further requirement of supervised release will be imposed. The Clerk of Court shall send a certified copy of this Order to the warden of the facility where Perez is housed. The Bureau of Prisons is directed to arrange for Perez's release with all due haste upon receipt of this Order.

IT IS SO ORDERED this 10th day of March, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT